01
02
03
04
05
06
07
08
09
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES DEAN,                                )
                                             )
                  Plaintiff,                 )
                                             )   Case No. C05-1949-JCC-JPD
          v.                                 )
                                             )
                                             )
JO ANNE B. BARNHART, Commissioner            )   REPORT AND RECOMMENDATION
of Social Security Administration,           )
                                             )
                  Defendant.                 )
_____     )

16            I.  INTRODUCTION AND SUMMARY CONCLUSION

17        Plaintiff Charles Dean appeals a final decision of the Commissioner of the Social

18   Security Administration ("Commissioner"), that denied his application for Disability Insurance

19   Benefits ("DIB") under Title II of the Social Security Act after a hearing before an

20   administrative law judge ("ALJ").  The parties agree that the ALJ's decision was not free from

21   legal error and that some form of remand is appropriate.  For the reasons set forth below, the

22   Court recommends that the ALJ's decision be reversed and remanded for further

23   administrative proceedings.  On remand, the ALJ should update plaintiff's medical records,

24   reevaluate the medical evidence, reassess plaintiff's credibility, apply the special technique

25   for evaluating mental impairments described in 20 C.F.R. § 404.1520a, give proper weight to

26   the Veterans Administration's disability determination, and apply all appropriate steps of the

REPORT AND RECOMMENDATION
PAGE -1

01  sequential-evaluation process necessary to determine whether plaintiff's severe impairments

02  render him disabled for purposes of DIB.

03                              II. FACTS AND PROCEDURAL HISTORY

04          Plaintiff is a sixty-two-year-old man with sixteen years of education, including a

05  Bachelor of Arts degree in Christian ministry.  AR 62, 102, 478.  Plaintiff served in the

06  United States Army and saw a significant amount of combat during the Vietnam War.[1]  AR

07  302, 445.  After concluding his tour of duty, he fled to Canada in 1969 to avoid participating

08  in covert operations in Vietnam.  AR 445.  He returned to the United States in 1975 and

09  received an honorable discharge.  *Id.*  Aside from his military service, plaintiff's past work

10  history primarily consists of telephone sales and work in the publishing industry.[2]  AR 97,

11  142.

12          On January 14, 2003, plaintiff filed an application for DIB.  AR 62-64.  Although he

13  alleged disability beginning on February 28, 2002, as a result of post-traumatic stress

14  disorder ("PTSD") and high blood pressure, he also alleged that he had experienced

15  symptoms of PTSD as early as 1966.  AR 96.  Plaintiff's applications were denied both

16  initially and upon reconsideration.  AR 33-39.

17          Plaintiff requested a hearing and on January 19, 2005, an administrative hearing was

18  held before an ALJ.  AR 40, 475-541.  On April 8, 2005, an ALJ issued a decision finding

19  plaintiff not disabled.  AR 19-30.  In particular, the ALJ found at step two that plaintiff did

20  not have a severe mental or physical impairment that limited his ability to perform basic

21  work activities, including his past relevant work.  AR 29-30.

22

23

─────────────────

24          [1]There is conflicting information regarding plaintiff's service dates.  Although certain
    Veterans Administration documents indicate plaintiff served from 1963 to 1975, others indicate it
25  was from May 12, 1965, to April 14, 1966.  *Compare* AR 332 *and* 445.  His application for DIB
    indicates he served only from February 24, 1964, to February 23, 1967.  AR 62.
26

          [2]Dr. Hohenegger's notes indicate plaintiff has had as many as 60 jobs.  AR 447.

REPORT AND RECOMMENDATION
PAGE -2

01  Plaintiff appealed the decision to the Appeals Council.  AR 7-14.  On appeal, Dr.

02  Monroe Neuman, a non-examining physician appointed by the Appeals Council, reviewed

03  the record and opined that plaintiff's PTSD was severe, but that he did not satisfy a listing

04  and that "work would not be precluded."  AR 6A-B.  The Appeals Council declined to

05  review plaintiff's request for review.  AR 4-6.  Therefore, the ALJ's January 19, 2005,

06  decision serves as the Commissioner's final decision for purposes of judicial review.  On

07  November 21, 2005, plaintiff filed this suit challenging the ALJ's final decision.  Dkt. No. 1.

08  III.  JURISDICTION

09  The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §

10  405(g) (2005).

11  IV.  STANDARD OF REVIEW

12  The Court may set aside the Commissioner's denial of social security benefits when the

13  ALJ's findings are based on legal error or not supported by substantial evidence in the record

14  as a whole.  *See* 42 U.S.C. § 405(g); *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993);

15  *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  Substantial evidence is defined as

16  more than a mere scintilla but less than a preponderance; "it is such relevant evidence as a

17  reasonable mind might accept as adequate to support a conclusion."  *Magallanes v. Bowen*,

18  881 F.2d 747, 750 (9th Cir. 1989) (internal citations and quotations omitted).  The ALJ is

19  responsible for determining credibility, resolving conflicts in medical testimony, and resolving

20  ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Where the evidence is

21  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

22  must be upheld.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citations

23  omitted).

24  V.  EVALUATING DISABILITY

25  As the claimant, Mr. Dean bears the burden of proving that he is disabled within the

26  meaning of the Social Security Act.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999)

REPORT AND RECOMMENDATION
PAGE -3

01 (internal citations omitted).  Disability is defined as the "inability to engage in any substantial

02 gainful activity by reason of any medically determinable physical or mental impairment,

03 which can be expected to result in death, or which has lasted or can be expected to last for a

04 continuous period of not less than twelve months[.]"  42 U.S.C. §§ 423(d)(1)(A),

05 1382c(a)(3)(A).  A claimant is disabled only if his impairments are of such severity that he is

06 not able to do his previous work, and cannot, considering his age, education, and work

07 experience, engage in any other substantial gainful activity existing in the national economy.

08 *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094,

09 1098-99 (9th Cir. 1999).

10       The Social Security regulations set out a five-step sequential-evaluation process for

11 determining whether a claimant is disabled within the meaning of the Social Security Act.

12 *See* 20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must establish that he is not

13 engaging in any substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the

14 claimant establishes that he has not engaged in any substantial gainful activity, the

15 Commissioner proceeds to step two.  At step two, the claimant must establish that he has one

16 or more medically-severe impairments, or combination of impairments, that limit his

17 physical or mental ability to do basic work activities.  If the claimant does not have such

18 impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does

19 have a severe impairment, the Commissioner moves to step three to determine whether the

20 impairment meets or equals any of the listed impairments described in the regulations.  20

21 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant who meets or equals one of the listings for

22 the required twelve-month duration requirement is disabled.  *Id.*

23       When the claimant's impairment neither meets nor equals one of the impairments

24 listed in the regulations, the Commissioner must proceed to step four and evaluate the

25 claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  The

26 Commissioner then uses the RFC to determine whether the claimant can still perform the

REPORT AND RECOMMENDATION
PAGE -4

01  physical and mental demands of his past relevant work.  20 C.F.R. §§ 404.1520(f),

02  416.920(f).  If the claimant is not able to perform his past relevant work, the burden shifts to

03  the Commissioner at step five to show that the claimant can perform some other work that

04  exists in significant numbers in the national economy, taking into consideration the

05  claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g),

06  416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is

07  unable to perform other work, then the claimant is found disabled and benefits may be

08  awarded.

## VI.  DECISION BELOW

On January 19, 2005, the ALJ issued a decision finding:

1.  The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of the decision.

2.  The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.  The claimant's medically determinable Post Traumatic Stress Disorder is not "severe" since it does not significantly limit his physical or mental ability to perform basic work activities (20 CFR § 404.1521(a)).

4.  Since the claimant is able to perform basic work activities, his medically determinable impairment does not preclude him from performing his past relevant work in telephone sales.  SSR 96-3p.

5.  The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f).

AR 29-30.

## VII.  ISSUES ON APPEAL

The parties agree that the ALJ's decision was not free from legal error and that remand is appropriate.  *See* Dkt. Nos. 12, 14.  The only remaining issue is whether to remand for an immediate award of benefits or for further administrative proceedings.

REPORT AND RECOMMENDATION
PAGE -5

01

## VIII.  DISCUSSION

02        The Court may direct an award of benefits where "the record has been fully developed

03  and further administrative proceedings would serve no useful purpose." *McCartey v.*

04  *Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen*, 80 F.3d at 1292).  The Court

05  may find that this occurs when:

06        (1)  the ALJ has failed to provide legally sufficient reasons for rejecting the
      claimant's evidence; (2) there are no outstanding issues that must be resolved
07        before a determination of disability can be made; and (3) it is clear from the
      record that the ALJ would be required to find the claimant disabled if he
08        considered the claimant's evidence.

09  *Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that

10  erroneously rejected evidence may be credited when all three prongs are met).

11        A.    <u>The ALJ Committed Legal Error.</u>

12        The first step for determining whether a case should be remanded for an immediate

13  award of benefits or for further administrative proceedings is to assess whether the ALJ

14  provided legally sufficient reasons for rejecting plaintiff's evidence. *McCartey*, 298 F.3d at

15  1076.  The Commissioner has conceded that the ALJ "erroneously concluded the sequential

16  evaluation process at step two" and that the decision "was not free from legal error."  Dkt.

17  No. 13 at 4 & n.1.  Hence, the parties agree that the ALJ committed legal error and that

18  remand is appropriate.  The first step of the remand analysis is satisfied.

19        Typically, the Court will analyze which of plaintiff's assigned errors were erroneous or

20  not supported by substantial evidence based upon the arguments in the parties' briefs.

21  However, the defendant has not identified the specific legal deficiencies in the ALJ's decision,

22  nor seriously contested the plaintiff's assertions of error.  Rather, defendant has suggested

23  general points for reconsideration.  *See* Dkt. No. 13.  Given the ambiguity of the

24  Commissioner's response and her recommendations for remand, the ALJ should take the

25  following actions on remand  (1) update plaintiff's medical records; (2) reevaluate the

26  medical evidence; (3) reassess plaintiff's credibility; (4) follow the "special technique" for

REPORT AND RECOMMENDATION
PAGE -6

01    evaluating mental impairments described in 20 C.F.R. § 404.1520a; (5) give weight to the

02    Veterans Administration's disability determination in accordance with *McCartey*; and (6)

03    apply all appropriate steps of the sequential–evaluation process to determine whether

04    plaintiff's severe impairments render him disabled for purposes of DIB.

05        B.    <u>Outstanding Issues Still Remain</u>.

06        The second step for determining whether a case should be remanded for an immediate

07    award of benefits or for further administrative proceedings is to assess whether there are any

08    outstanding issues that must be resolved before a determination of disability can be made.

09    *McCartey*, 298 F.3d at 1076.  Here, several outstanding issues remain.

10        One of the predominant issues remaining is whether plaintiff meets or equals one of

11    the listings at step three.  Treating psychologist Scott Michael, Ph.D, opined that plaintiff

12    equaled Listing 12.06 for Anxiety Related Disorders.  AR 459-74.  Nevertheless, there are

13    other medical opinions that indicate plaintiff experienced only mild to moderate limitations

14    and that suggest he may have a greater capacity for work.  *See* AR 149-62, 293-96.   There is

15    also evidence that plaintiff could perform at least part-time work and that his condition would

16    improve with continued treatment.  AR 147, 444.  Additionally, as the ALJ observed, there is

17    evidence to suggest plaintiff copes fairly well with his impairments.  AR 28-29.  However,

18    because the ALJ found plaintiff disabled at step two, he did not proceed to step three and

19    analyze whether plaintiff met or equaled a listing.

20        Similarly, the ALJ's failure to calculate plaintiff's RFC is an outstanding issue that

21    suggests an immediate award of benefits is inappropriate at this time.  Again, because the

22    ALJ found plaintiff not disabled at step two, he never evaluated plaintiff's RFC.  As a result,

23    it is impossible to determine whether plaintiff is capable of performing his past relevant

24    work, nor is it possible to determine whether he is able to perform other work that exists in

25    significant numbers in the national economy.  Because there is a substantial amount of

26    conflicting evidence in this more than 500-page record, and because there are no substantive

REPORT AND RECOMMENDATION
PAGE -7

01  findings past step two, significant questions remain regarding plaintiff's ability to perform

02  various work activities.  These are outstanding issues that are best resolved at the

03  administrative level.

04

05            C. <u>It Is Not Clear From the Record That the ALJ Would Be Required to Find the Plaintiff Disabled.</u>

06         The final step for determining whether a case should be remanded for an immediate

07  award of benefits or for further administrative proceedings requires the Court to assess

08  whether the ALJ would be obligated to find the claimant disabled if he considered the

09  erroneously-rejected evidence. *McCartey*, 298 F.3d at 1076-77.  This prong is actually a

10  subcategory of the second prong. *Harman*, 211 F.3d at 1178.  Accordingly, if there are

11  outstanding issues, it is unlikely that a clear finding of disability would be required.

12         Plaintiff argues that the Court should find him disabled and award benefits based on

13  Dr. Michael's opinion that plaintiff met Listing 12.06, and upon the Veterans

14  Administration's disability rating.  Dkt. No 14 at 2-3.  As discussed above, substantial

15  questions remain regarding plaintiff's RFC and its impact on plaintiff's ability to perform

16  work.  The absence of any post-step-two administrative findings combined with the large and

17  conflicting record suggests it is premature for the Court to award benefits at this time.  There

18  are substantial questions regarding proper interpretation of the available evidence.  That is for

19  the ALJ to determine on remand.

20                      IX.  CONCLUSION

21         For the reasons discussed above, this case should be reversed and remanded for further

22  administrative proceedings not inconsistent with this report and recommendation.  In

23  particular, the ALJ should update plaintiff's medical records, reevaluate the medical

24  evidence, reassess plaintiff's credibility, apply the special technique for evaluating mental

25  impairments, give proper weight to the Veterans Administration's disability determination,

26  and apply and all appropriate steps of the sequential evaluation process to determine whether

REPORT AND RECOMMENDATION
PAGE -8

01 plaintiff's severe impairments render him disabled for purposes of DIB.  A proposed order

02 accompanies this report and recommendation.

03          DATED this 14th day of June, 2006.

04

05          _____
            JAMES P. DONOHUE

06          United States Magistrate Judge

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE -9